IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Edward Thomas, ) | C/A No.  0:14-3244-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections, ) | |
| Medical Division, Financial Division; Jon ) | |
| Ozmint; Prison Director Former, in their ) | |
| Individual and Official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Charles Edward Thomas ("Plaintiff"), a self-represented state prisoner, brings this action alleging a violation of his constitutional rights. (ECF Nos. 1, 10.) Plaintiff further alleges violations of the Americans with Disabilities Act ("ADA"), violations of the Rehabilitation Act, and state law causes of action.[1]  (Id.)  Plaintiff also requests a temporary restraining order in this case. (ECF No. 8.)

This matter, which was originally filed in the United States District Court for the District of Columbia, is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Evans Correctional Institution ("ECI"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint and motion in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without

___

[1] Plaintiff filed a Supplement to the Complaint.  (ECF No. 10.)  To preserve issues raised in the case and give liberal construction to the pleadings, Plaintiff's Supplement has been reviewed in conjunction with the Complaint.

Page 1 of  10



prejudice and without issuance and service of process and the motion for a temporary restraining order should be denied.

I.      **Factual and Procedural Background**

Plaintiff, who alleges that he has tested positive for the Human Immunodeficiency Virus ("HIV"), claims that the defendants violated his rights over a ten-year period. (ECF No. 1 at 2, 4-5; ECF No. 10 at 2.) Plaintiff complains that the defendants assigned him to segregated housing in a dorm for HIV positive inmates resulting in Plaintiff's forced disclosure of his medical condition to other inmates and prison employees. (Id.) Plaintiff also complains of discrimination and alleges that the defendants have unlawfully taken Plaintiff's money to cover medical co-payments. (ECF No. 1 at 6-7.) Plaintiff further alleges that the defendants have: (1) violated his rights under the ADA; (2) violated his rights under the Rehabilitation Act; and (3) violated state statutes associated with confidentiality. (ECF No. 1 at 6; ECF No. 10 at 4-7.) Plaintiff seeks monetary damages, waiver of the requirement for administrative exhaustion of his claims, and release from incarceration.[2] (ECF No. 1 at 9-11.)

II.     **Complaint**

A.      **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This

---

[2] To the extent Plaintiff seeks release from incarceration, such relief is not available under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[3] Screening pursuant to § 1915A is subject to this standard as well.

Page 3 of 10



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

#### 1. Claims under 42 U.S.C. § 1983

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

##### a. Improper defendants

Plaintiff alleges a violation of his constitutional rights by the South Carolina Department of Corrections ("SCDC"). The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999);



Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[4]  Therefore, Plaintiff's claims against SCDC, a state agency, are barred by the Eleventh Amendment. As such, SCDC is entitled to summary dismissal from this action.

Plaintiff also lists the Medical Division and Financial Division as parties in this case. However, it is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or

---

[4] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).



the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Heyward v. Evans Corr. Inst., C/A No. 0:12-1780-TMC-PJG, 2012 WL 6093698, at *2 (D.S.C. Oct. 23, 2012), adopted by 2012 WL 6094184 (D.S.C. Dec. 7, 2012); Pitts v. Perry Corr. Inst. Med. Staff, C/A No. 0:09-1000-MBS-PJG, 2011 WL 704487, at *2 (D.S.C. Jan. 24, 2011), adopted by 2011 WL 703946 (D.S.C. Feb. 22, 2011). Thus, to the extent Plaintiff intended to name the Medical Division and Financial Division as defendants in this action, they are not amenable to suit under § 1983 and should be summarily dismissed from this case.

### b.     Lack of exhaustion

Plaintiff names Jon Ozmint and "Former Prison Director" who would potentially be amenable to suit under § 1983.[5] However, it is clear from the face of the pleading that Plaintiff filed this case prematurely, before exhausting SCDC's administrative remedy process. (ECF No. 1 at 8, 11.) The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement."). The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits

---

[5] It appears that Plaintiff may have included the term "Former Prison Director" in the Complaint's caption to identify Jon Ozmint. (ECF No. 1 at 1.)



about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006). In the present action, Plaintiff indicates that he did not file a grievance concerning the matters raised in this case. Thus, it is clear from the face of the pleading that Plaintiff submitted the instant case prior to exhaustion of his administrative remedies.

Plaintiff asks this court to excuse his failure to meet the exhaustion requirement based on the seriousness of the case and Plaintiff's fear of retaliation for exhausting the grievances process. (ECF No. 1 at 8, 11.) However, a "plaintiff's failure to exhaust is not excused by his allegation that he is under threat of imminent danger." See Duckett v. Fuller, C/A No. 6:13-1079-JMC, 2013 WL 6181417, at *3 (D.S.C. Nov. 22, 2013) (citing Yisrael v. Whitener, C/A No. 3:13-469-FDW, 2013 WL 4784111, at *2 (W.D.N.C. Sept. 6, 2013)); see also Reynolds v. Stouffer, C/A No. DKC-13-824, 2014 WL 576299, at *4 (D. Md. Feb. 11, 2014) (PLRA does not contain an "imminent danger" exception to exhaustion) (collecting cases). Therefore, Plaintiff's § 1983 claims are subject to summary dismissal for lack of exhaustion.

### 2. Claims under the ADA and Rehabilitation Act

The exhaustion requirements of the PLRA also apply to a prisoner's claims under the ADA and Rehabilitation Act. See Toscani v. Litton, C/A No. 8:11-3171-RBH-JDA, 2012 WL 7060753,



at *6 (D.S.C. June 29, 2012) (PLRA exhaustion required for ADA and Rehabilitation Act claims), adopted by 2013 WL 523097 (D.S.C. Feb. 12, 2013); Harding v. Green, C/A No. JFM-11-1561, 2012 WL 1203956, at *2 (D. Md. Apr. 9, 2012) (same) (citing O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060-61 (9th Cir. 2007)).  As indicated above, Plaintiff's failure to exhaust his administrative remedies is clear from the face of the Complaint.  Therefore, any claims raised by Plaintiff under the ADA and Rehabilitation Act are subject to summary dismissal.

   **3.**  **State law claims**

The federal claims in this action are recommended for summary dismissal.  Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised by Plaintiff.  See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

**III.** **Motion for Temporary Restraining Order**

A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[6]  A

---

[6] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.



plaintiff must make a clear showing that he is likely to succeed on the merits of his claim.  Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46.  As discussed above, the Complaint is subject to summary dismissal because Plaintiff has failed to exhaust his administrative remedies against the parties who are potentially amenable to suit.  As Plaintiff has not demonstrated a likelihood of success on the merits, his motion seeking a temporary restraining order should be denied.

### IV.    Conclusion and Recommendation

For the foregoing reasons, the court recommends that the Complaint (ECF Nos. 1, 10) be summarily dismissed without prejudice and without issuance and service of process.  The court further recommends that the motion for a temporary restraining order be denied (ECF No. 8.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 25, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).